# H. W. JOHNS-MANVILLE COMPANY v. AMERICAN STEAM PACKING COMPANY,

TRADEMARKS; EXCLUSIVE USE.

1. The use by a manufacturing company of the word "asbestos," not as a trademark, but merely to designate engine and machinery packing made and sold by it for many years prior to the filing by another manufacturing company of an application for registration of the same word, made up of fancifully embellished letters, is a sufficient use of the word to prevent the registration of the word by the latter applicant under the ten years' clause of the trademark act of 1905, although it had used the word as so made up during that period in connection with the shipment and sale of asbestos and machinery packing. (Following *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, and *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223.)

2. Peculiarities in printing cannot make a word registerable as a technical trademark that would be otherwise unregisterable because descriptive of the goods to which it is applied. (Following *Re Crescent Typewriter Supply Co.* 30 App. D. C. 324.)

No. 565. Patent Appeals. Submitted March 10, 1909. Decided April 6, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents, rejecting an application for registration of a trademark.                                                    *Affirmed.*

The facts are stated in the opinion.

*Mr. A. Parker-Smith* for the appellant.

*Messrs. Steuart & Steuart, Mr. Arthur Steuart,* and *Mr. John Emory Cross* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents refusing to register for appellant, the H. W. Johns-Manville Company, as a trademark for asbestos engine and machinery packing the following mark:

The appellee, the American Steam Packing Company, filed notice of opposition to the registration of the above mark, to which notice the appellant answered. The parties then entered into an agreed statement of facts; and it was stipulated, among other things, that the American Steam Packing Company and its predecessors in business, for about thirty-five years prior to the filing of the notice of opposition, have continuously used the word "Asbestos" to designate engine and machinery packing made and sold by it; and that appellant company and its predecessors in business have used and had exclusive use of the above mark, which has been used in connection with the shipment and sale of asbestos engine and machinery packing for more than ten years prior to February 20, 1905.

It was contended by the appellant before the Examiner of

Vol. XXXIII.—15.

Interferences that it was entitled to registration of its mark, both as a technical trademark, and under the ten years' clause of the trademark act. When the case came before the Commissioner of Patents on appeal, it abandoned its contention that it was entitled to registration of the mark as a technical trademark, but insisted merely that it was entitled to registration because of the exclusive use of this particular mark for more than ten years prior to the passage of the trademark act of 1905. In the brief of counsel for appellant and at bar, the same position was assumed as was urged before the Examiner of Interferences.

It is contended by counsel for appellant that, owing to the peculiar manner in which the letters of the word "Asbestos," in the mark sought to be registered, are constructed, the mark is so distinctly different from the English word "asbestos" as to entitle it to claim exclusive use of the mark during the ten years' period. It is also insisted by appellant that the opposer has no standing in this case, since it appears from the agreed statement of facts that the English word "asbestos" had not been used by appellee as a trademark, but merely to designate engine and machinery packing made and sold by it. This, however, we think is a sufficient use of the word "asbestos" to prevent the registration of appellant's mark under the ten years' clause of the trademark act, since the predominating characteristic of appellant's mark is the same word, merely in embellished letters, as the word used by appellee to designate its goods. In the case of *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, this court said: "The evidence above briefly reviewed, we think, clearly establishes the fact that appellant was not the exclusive user of these words during the ten years' period. No claim is made of any attempt on the part of Williams to deceive the public, or that the product of his machines is not in fact as much entitled to be called 'shredded whole wheat' as is the product of appellant's machines. That he did not use the words as a trademark, but merely in a descriptive sense, is of no moment." And in the case of *Kentucky Distilleries & Warehouse Co.* v. *Old Lexington Club Distilling Co.* 31 App. D. C. 223, the court

said: "Where two marks are so nearly identical as to tend to confuse and mislead the public, neither is entitled to registration, even under the ten-year clause of the act of 1905." We find no difficulty in holding that, under the agreed statement of facts in this case, appellant is not entitled to registration of its mark under the ten years' clause of the trademark act.

This brings us to a consideration of the question as to whether or not appellant company is entitled to have its mark registered as a technical trademark. Section 5 of the trademark act of 1905 provides, in part, that "no mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual, or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods, or merely a geographical name or term, shall be registered under the terms of this act." 33 Stat. at L. 726, chap. 592, U. S. Comp. Stat. Supp. 1907, p. 1010. In the case of *Re Crescent Typewriter Supply Co.* 30 App. D. C. 324, it was sought to register the word "Orient" inclosed in a wreath, the letters "E" and "T" being printed as a monogram. This court, after holding that the word "Orient" was geographical, and not subject to registration as a trademark, said: "We are of the opinion that the only reasonable interpretation of the combination of letters used is that they spell the word 'Orient,' and at once convey the use of that word to the mind." Much more clearly do we think that the word "Asbestos" appears as the dominating characteristic of the mark here sought to be registered. It is descriptive of the goods on which it is used, and would convey at once to the public mind a description of the goods on which the mark appeared. This is forbidden by the statute. On this point we agree with the Examiner of Interferences. Quoting from his opinion: "The impression given one who sees it on the goods must be that they are to be identified by the word 'Asbestos,' and not by the shape of the letters representing it. No amount of fancifulness in the lettering which leaves a descriptive word legible could make that fancifulnes predomi-

nate over the idea expressed by the word. Peculiarities in printing cannot lend trademark properties to an otherwise unregistrable descriptive word. If it were otherwise, an unregistrable nontechnical word could be appropriated as a trademark and registered as many times as the form of its printing could be varied."

Considering the contentions of counsel for the appellant in their most favorable light, we are unable, from any view of the case, to bring the facts here disclosed within the limitations of the statute.

The decision of the Commissioner is affirmed, and the clerk is directed to certify these proceedings as by law required.

*Affirmed.*